UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20091-CR-WILLIAMS

UNITED STATES OF AMERICA,
        Plaintiff,
vs.

JULIO ESTRADA AND
BARTOLO HERNANDEZ,
        Defendants.
_____/

**DEFENDANTS' REPLY TO GOVERNMENT'S RESPONSE TO RENEWED MOTION FOR RELEASE PENDING APPEAL[1]**

1. The Eleventh Circuit Court of Appeals has tentatively scheduled oral argument for the calendar beginning March 30, 2020. The court denies oral argument in the vast majority of appeals. This signals the non-frivolousness of Appellants' arguments on appeal.

2. By the time of any decision by the Eleventh Circuit, likely the end of 2020, Appellant Hernandez will be eligible for a half-way house, and Appellant Estrada will have served nearly half of his sentence. Neither presents a flight risk. Nothing is lost by permitting them to await the court's decision

---

[1] This Reply was due January 7, 2020. Counsel attempted to file at the end of the day but had technical difficulties. He transferred the Reply to a colleague who has filed it today. The government is not prejudiced by this short delay. Counsel apologizes for any inconvenience to the court.

1

at liberty. If their arguments fail, they can be remanded into custody immediately. If their arguments prevail, they will have preserved a modicum of their otherwise irreplaceable freedom.

3. The holdings of *United States v. Dominguez*, 661 F.2d 1051 (11th Cir. 2011), do not directly address the issue the Appellants raise on appeal and now as a basis for release pending appeal, i.e., whether this court erred in denying their request to *separately* instruct on the statutory elements of (1) whether the allegedly smuggled aliens had prior official authorization to come to, enter, or reside in the U.S. and (2) whether the defendants knew of, or recklessly disregarded, any lack of prior authorization. But both the majority opinion, and Judge Tjoflat's partially concurring and partially dissenting opinions, strongly support the Appellants argument that the prior authorization question was an element upon which the jury needed to be separately instructed and for which it needed to make an express decision whether the government satisfied its burden of proof. *See id.* at 1065 ("Section 1324(a)(2) . . . prohibits any person from knowingly bringing or attempting to bring to the United States an alien who does not have prior official authorization to enter the United States"); *id.* at 1104 n. 64 ("Whether the players had "prior official authorization" is also a question of fact.")

4. This court has not previously considered the Eleventh Circuit Pattern Jury Instructions (Criminal) for the related offenses of unlawfully transporting and unlawfully concealing or harboring aliens, 18 U.S.C. §§ 1324 (a)(1)(A)(ii) and (iii). The Eleventh Circuit's pattern instructions for both provide as a *separate* element to be proven that the alien entered or remained in the United States "in violation of law," hence without prior authorization. Instructions 96.2, 96.3.

5. In this way, "the issues of law were presented inaccurately." *See United States v. Isnadin,* 742 F.3d 1278, 1296 (11th Cir. 2014). As concerns this essential element, upon which the jury was *never* instructed it needed to determine whether the government proved it beyond all reasonable doubt, this court cannot accept the government's invitation to *presume* the jury made such a determination because this element was "implicit in the charge." Due process required that the jury be instructed and make an explicit determination on each element of the offense.

6. Additionally, the government in its pleading has not even addressed the Appellants' claim that this court's jury instruction "improperly guided the jury in such a substantial way as to violate due process." *Isnadin*, 742 F.3d at 1296. The instruction directed the jury that it was ". . . [a] *fact that the alien had not received prior authorization to come to, enter or reside in*

3

*the United States*." Thus, by conflating the separate elements of the defendants' knowledge or reckless disregard, and the aliens prior authorization to come to, enter or reside in the U.S., this court inadvertently directed a verdict against the defendants on the issue of prior authorization.

7. The prior release pending appeal litigation, both in this court and the Eleventh Circuit, is irrelevant because the Appellants have raised a *different* issue that has not been considered as a basis for the Appellants' release.

8. If the court has any further doubts about granting release, Appellants request an opportunity for argument before this court to address the court's concerns.

Respectfully Submitted,

| | |
|---|---|
| MARCUS NEIMAN & RASHBAUM LLP<br>One Biscayne Tower<br>2 South Biscayne Blvd., Suite 1750<br>Miami, Florida 33131<br>Telephone: (305) 400-4260<br>Email: jmarcus@mnrlawfirm.com<br>Counsel for Bartolo Hernandez<br><br>BY:   /s/  Jeffrey E. Marcus<br>JEFFREY E. MARCUS<br>Fla. Bar No. 310890 | BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.<br>201 S. Biscayne Blvd., Suite 1300<br>Miami, Florida 33131<br>Telephone: (305) 371-6421<br>Email: hsrebnick@royblack.com<br>Counsel for Julio Estrada<br><br>BY:   /s/ Benjamin S.Waxman<br>BENJAMIN S. WAMAN<br>Fla. Bar No. 403237 |

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

## CERTIFICATE OF SERVICE

  I HEREBY certify that on January 8, 2020, I electronically filed and served the foregoing document using CM/ECF.

          <u>s/ Benjamin S.Waxman</u>
          BENJAMIN S. WAXMAN

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com